IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET LUCY GAUTHIER, | No. C 15-02973 WHA |
| Appellant, | Bk. No. 11-41361 CN |
| v. | |
| DOONAN, GRAVES & LONGORIA, LLC, SETERUS, INC., and VENTURES TRUST 2013-I-H-R, | **ORDER AFFIRMING BANKRUPTCY COURT'S DENIAL OF MOTION FOR CONTEMPT** |
| Appellees. | |

## INTRODUCTION

In this bankruptcy appeal, *pro se* appellant seeks review of an order denying her motion to hold certain parties in contempt of the order discharging her from her bankruptcy proceedings. For the reasons stated below, the decision of the bankruptcy court is **AFFIRMED**. Appellant's motion for a stay pending this appeal is **DENIED AS MOOT**.

## STATEMENT

Appellant Margaret Lucy Gauthier, who is proceeding *pro se*, has filed five bankruptcy petitions since 2009. This appeal arises out of Gauthier's third bankruptcy action, a Chapter 7 petition, which she commenced in this district in 2011. Gauthier obtained a discharge from that action in 2012. In a Chapter 7 bankruptcy proceeding, such a discharge order operates as an injunction against certain conduct seeking to collect a debt discharged in that bankruptcy proceeding as a personal liability of the debtor. Gauthier's discharge order specifically explained, "a creditor may have the right to enforce a valid lien, such as a mortgage or security

interest, against the discharged debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case" (Dkt. No. 5-1 at 2).

Appellee Doonan, Graves & Longoria, LLC, is a law firm that filed a judicial proceeding foreclosing on Gauthier's property in Old Orchard Beach, Maine (as required by Maine law) on behalf of a lender, SunTrust Mortgage, Inc., in 2013. The foreclosure complaint explicitly stated that it did not seek to assert any personal liability against Gauthier (Cormier Decl., Exh. A).

Appellee Seterus, Inc., is the servicer of Gauthier's mortgage on the Maine property. Seterus sent letters to Gauthier informing her that she was in default and warning her of impending foreclosure. Seterus included a notice at the bottom of all of its letters to Gauthier, which read, "[i]f you are in bankruptcy or received a bankruptcy discharge of this debt, this letter is not an attempt to collect the debt, but notice of possible enforcement of our lien against the collateral property" (*e.g.*, Dkt. No. 103-4 at 13).

Appellee Ventures Trust 2013-I-H-R, contends that it is the holder of the first deed of trust on another of Gauthier's properties, located in Newark, California. Ventures Trust, through its servicer, BSI Financial Services, Inc., sent Gauthier several notices of default and notices of sale. Each of the letters that BSI sent to Gauthier included a notice that read, "to the extent your obligation has been discharged or is subject to the automatic stay in a bankruptcy proceeding, this notice is for informational purposes only and does not constitute a demand for payment or an attempt to collect and indebtedness as your personal obligation" (*e.g.*, Dkt. No. 103-6 at 19). Ventures Trust has not yet noticed a trustee's sale of Gauthier's California property.

The liens on Gauthier's Maine and California properties were not affected in Gauthier's bankruptcy proceeding.

In March 2015, Gauthier asked the bankruptcy court to hold appellees in contempt of the discharge order for taking steps to enforce their liens. In support of her contempt motion, Gauthier submitted two affidavits from Patrick F. Williams, a mortgage banker (Dkt. No. 103-6 at 45; Dkt. No. 103-7 at 17). Williams reviewed Gauthier's mortgage documents on each of her

properties and concluded that the complexity of the transactions involving Gauthier's mortgages clouded the chains of title to those mortgages, such that SunTrust and Ventures Trust might lack standing to foreclose on the Maine and California properties, respectively.

After full briefing, the bankruptcy court held a hearing on Gauthier's contempt motion. The bankruptcy court requested supplemental briefing from all parties regarding the issue of whether they could be held in contempt of the discharge order by proceeding with the respective foreclosures if they lacked valid mortgage liens.

Following the supplemental briefing, the bankruptcy court held a second hearing and ultimately denied Gauthier's contempt motion. Gauthier now seeks district court review of the bankruptcy court's decision. She also seeks a stay pending this appeal. This order follows full briefing and oral argument.[*]

**ANALYSIS**

Gauthier contends that appellees acted in contempt of the order discharging her from her Chapter 7 bankruptcy in 2012 by proceeding with the foreclosure of her Maine and California properties. Section 524(a) of Title 11 of the United States Code provides, in pertinent part:

> A discharge in a case under this title:
>
> (1) voids any judgment at any time obtained, to the extent that such a judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 141, or 1328 of this title, whether or not discharge of such debt is waived;
>
> (2) operates as an injunction against the commencement or continuation of an action, the employment of a process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived . . . .

The bankruptcy court held that Section 524(a) did not operate as an injunction against appellees' conduct because they did not seek to enforce any personal liability, but rather only sought *in rem* relief by way of foreclosure. The bankruptcy court further held that even if

---

[*] Gauthier named numerous parties in her contempt motion, including SunTrust and several prior owners of Gauthier's mortgages. Due to issues with service, the bankruptcy court's order only pertained to DG&L, Seterus, and Ventures Trust. Accordingly, those parties are the only appellees named in this appeal. Ventures Trust has appeared in this case according to the Electronic Court Filing system, but it neither filed a brief nor appeared at the hearing on Gauthier's appeal. The bankrupcty court's decision applied the same analysis to all of our appellees. Accordingly, this order addresses Gauthier's appeal as to Ventures Trust as well as DG&L and Seterus.

3

appellees lacked standing to enforce any foreclosure rights, Gauthier could raise that issue in the pending Maine foreclosure proceeding or in a wrongful-foreclosure proceeding in California. The bankruptcy court's conclusions of law, including its interpretation of Section 524, is reviewed *de novo*, and its factual findings are reviewed for clear error. *In re Leavitt*, 171 F.3d 1219, 1223 (9th Cir. 1999).

### 1.   APPELLEES DID NOT VIOLATE THE DISCHARGE ORDER.

Notably, "a bankruptcy discharge extinguishes only one mode of enforcing a claim — namely, an action against the debtor *in personam* — while leaving intact another — namely, an action against the debtor *in rem*." *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991). Put another way, "a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy." *Id.* at 83.

The bankruptcy court also held that the parties' conduct did not have the objective effect of coercing Gauthier to pay any discharged debts. Gauthier's discharge order had put her on notice that creditors with mortgage liens could still enforce their rights following discharge. All of appellees' correspondence with Gauthier explicitly informed her that her lenders did not seek any personal liability. The complaint in the Maine action explicitly stated that the lender did not seek to collect on any personal liability. The bankruptcy court correctly concluded that appellees did not seek to collect on any personal liability against Gauthier and therefore did not violate the contempt order.

Gauthier contends that the bankruptcy court improperly denied her motion for contempt, even though she had "shown a *prima facie* case of contempt against defendants" (Appellant's Mtn. at 3). Contrary to Gauthier, however, the bankruptcy court judge said "the Debtor has not even made a *prima facie* showing that the parties whom she wants to hold in contempt seek to enforce any debt as a personal liability" (Tr. at 8). As discussed above, appellees simply have not violated the discharge order because they do not seek any personal liability against Gauthier.

### 2. THE BANKRUPTCY COURT HAD NO OBLIGATION TO RULE ON GAUTHIER'S CHALLENGES TO THE VALIDITY OF THE LIENS.

As stated, a secured lender's lien passes through a Chapter 7 bankruptcy. Nevertheless, Gauthier submitted two affidavits from a mortgage banker, which cast doubt on the validity of appellees' rights to foreclose on her respective properties. The bankruptcy court requested supplemental briefs from all parties and held a second hearing to discuss that issue. The bankruptcy court judge ruled from the bench that "this Court is not the court to determine the validity of a lien by a Chapter — again, this Court is not the court to determine or to analyze a Chapter 7 debtor's argument regarding the validity of a lien" (Tr. at 8).

Neither our court of appeals nor any district court in our circuit has addressed this procedural issue. The bankruptcy court judge relied primarily on *In re Wilson*, 492 B.R. 691 (Bankr. S.D.N.Y. 2013) (Judge Martin Glenn), in reaching his conclusion. *In re Wilson* addressed nearly identical facts to our case: A debtor sought to reopen her case in order to assert a discharge injunction violation against a lender seeking to foreclose on a property, and the complexity of the chain of title of the mortgage cast doubt on who held the mortgage. That decision held, as here, that Section 524(a)(2) only applied to personal liability, and there had been no showing that the lender sought any personal liability. As to Gauthier's argument that the bankruptcy court should resolve whether appellees held valid rights to foreclose on her properties, the bankruptcy court held, "who holds the mortgage and whether it has demonstrated standing to foreclose is an issue for the court in the [ongoing foreclosure action]." *Id.* at 694 n.1.

Similarly in *Evans v. Codilis & Stawiarski, P.A.*, No. 04-31769, 2005 Bankr. LEXIS 2843 (Bankr. N.D. Fla. Dec. 21, 2005) (Judge Margaret A. Mahoney), a mortgagee could not state a claim for violation of a discharge order based on a lender's foreclosure actions, even though the mortgagee disputed the validity of the lender's note. "Any issues Evans has regarding the reestablishment of the note and/or the lawfulness of the foreclosure may be raised by him in that state court foreclosure action. Those issues are not for the bankruptcy court to decide." *Id.* at *13 n.2.

Our bankruptcy court recognized that Gauthier's arguments may ultimately be vindicated, but held "[i]f the Debtor is correct and these creditors do not actually hold the liens in question and are not entitled to foreclose, this is an issue for a state court to resolve, be it in Maine or in Alameda County. Otherwise, I'm authorizing the Debtor to challenge and avoid a lien in Chapter 7 under Bankruptcy Code Section 524, and no such authority exists in Section 524 to do that" (Tr. at 8). Thus, because no party had sought any personal liability against Gauthier, even though they may have sought *in rem* relief based on invalid liens, the bankruptcy court held that Gauthier had not presented a ripe issue of contempt.

This order affirms on a somewhat narrower ground, namely that while a bankruptcy court may have the authority to enjoin a secured creditor from foreclosing so as to preserve the jurisdiction of the court or to preserve compliance with its previous orders, the bankruptcy court may, in its discretion, decline to do so and may invite the debtor to seek relief in state courts to challenge the validity of the asserted liens.

In the circumstances of this case, the bankruptcy court acted reasonably and within its discretion in recognizing that the secured creditors sought only to enforce liens that, if valid, had already passed through the estate and that any challenge to the validity of the liens would best be adjudicated by state courts close by the real property in question.

Therefore, Gauthier must pursue her challenges to the validity of the lenders' mortgage liens via the respective procedures for foreclosure in Maine and California. That is, she must assert her challenges to DG&L's and Seterus's rights to foreclose on the Maine property as a defense in the already-pending judicial proceeding in Maine, and she must raise her challenges to Ventures Trust's rights as to the California property by bringing a wrongful-foreclosure action once, if ever, Venture's Trust initiates foreclosure.

Gauthier insists that the bankruptcy court should have ruled on the validity of the lenders' liens because the "bankruptcy jurisdiction is, at its core, *in rem*." *See Central Virginia Community College v. Katz*, 546 U.S. 356, 362 (2006). Gauthier misunderstands that description of bankruptcy jurisdiction. The bankruptcy court's *in rem* jurisdiction does not mean that the court must hear all claims for *in rem* relief. Rather, that jurisdiction relates to the

6

power to adjudicate *all* claims against the *res* of the bankruptcy estate. *Ibid.* By the nature of Chapter 7 bankruptcy, the mortgage liens at issue here passed through Gauthier's bankruptcy estate. The discharge order did not wipe away those liens. The issue here is whether our appellees (or their clients) validly hold those liens. The bankruptcy court properly declined to exercise jurisdiction to resolve that issue.

The issue of contempt for this conduct will not be ripe until, if ever, Gauthier successfully challenges the parties' standing to foreclose, and they thereafter attempt to enforce rights they do not hold. At this point, Gauthier has not pled a *prima facie* claim for contempt.

### 3. EVIDENTIARY OBJECTIONS.

Pursuant to Rule 8005(b) of the Federal Rules of Bankruptcy, DG&L designated certain documents filed on the docket of the Bankruptcy Court for inclusion in the record on this appeal, however, they do not appear in the designated record. DG&L requests that the Court take judicial notice of those documents. Gauthier raises numerous inapplicable objections to the inclusion of those documents, such as "badgering the judicial officer" and "counsel in brief and oral arguments have testified." To the extent documents filed on the docket in the bankruptcy proceeding are referred to above, DG&L's request is **GRANTED**. Judicial notice is appropriate because these are documents publicly filed in the Bankruptcy Court for the Northern District of California. *Mir v. Little Co. of Mary Hosp.*, 844 F. 2d 646, 649 (9th Cir. 1988). DG&L's request as to all other documents is **DENIED AS MOOT**.

### CONCLUSION

For the reasons stated above, the order of the bankruptcy court is **AFFIRMED**. Gauthier's motion for a stay pending this appeal is **DENIED AS MOOT**. The Clerk shall please **CLOSE THE FILE**.

**IT IS SO ORDERED.**

Dated: November 20, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7